UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT REDMOND,

                Plaintiff,              Civil Action No. 16-12974
                                                Honorable Robert H. Cleland
v.                                                  Magistrate Judge David R. Grand

PAUL KLEE, L. McROBERTS,
SHERMAN CAMPBELL, VAUGHN
STEWART, J. EATON, C. CONDON,
J. TANNER, R. METZMAKER, R.
FOREMAN, JOHN DOE, and V.
WEBB,

                Defendants.

_____/

## REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [28]

Before the Court is a Motion for Summary Judgment filed by Defendants C. Condon, R. Foreman and V. Webb ("Defendants") on August 3, 2017. (Doc. #28). Plaintiff Robert Redmond ("Redmond") responded on August 22, 2017. (Doc. #30). An Order of Reference was entered on March 15, 2017, referring all pretrial matters to the undersigned pursuant to 28 U.S.C. § 636(b). (Doc. #14). Generally, the Court will not hold a hearing on a motion in a civil case in which a party is in custody. *See* E.D. Mich. L.R. 7.1(f). The Court finds that the facts and legal issues are adequately presented in the briefs and on the record and declines to order a hearing at this time.

### I.      RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment **(Doc. #28)** be **GRANTED IN PART** as to Webb and **DENIED IN PART** as to Condon and Foreman.

## II. REPORT

### A. Factual Background

Redmond is an inmate of the Michigan Department of Corrections ("MDOC"), who is currently confined at the Carson City Correctional Facility in Carson City, Michigan. At the time of the events at issue in his complaint, however, Redmond was housed at the Gus Harrison Correctional Facility ("ARF") in Adrian, Michigan. The named defendants are officers and employees of the MDOC who work in various capacities at ARF. Previously, the Honorable Robert H. Cleland issued an order dismissing one of the defendants, ARF warden Paul Klee, pursuant to 28 U.S.C. § 1915(e)(2). (Doc. # 11). While Redmond's claims are somewhat difficult to decipher, Judge Cleland succinctly summarized their basic thrust as follows:

> [Redmond] alleges that an unknown officer, here named as a John Doe Defendant, rejected a JPay[1] message [Redmond] attempted to send due to "sexual content" in violation of written department policy. Defendants retaliated against him for filing grievances by denying him access to his JPay account for 110 days. As a result, he lacked the funds to purchase necessary hygiene items like toothpaste, soap, and shampoo. After an extensive grievance process during which [Redmond] allegedly suffered further deprivations of his civil rights, [he] initiated this proceeding.

(Doc. #11 at 1-2) (citing Doc. #8)[2].

---

[1] According to the Michigan Department of Corrections website, JPay is a service that allows family members and other members of the public to send electronic messages, money orders, and checks to prisoners. *See* http://www.michigan.gov/documents/corrections/Family_Information_Packet_2013-01-15_408528_7.pdf, last accessed 1/17/2018.

[2] On October 7, 2016, before any of the defendants were served, Redmond filed a Motion for Leave to File an Amended Complaint and filed an Amended Complaint. (Docs. # 7, 8). Because Redmond was permitted to amend his complaint at that juncture without leave of Court, the Court granted the motion. (Doc. #21). However, the sixth page of Plaintiff's amended complaint (Doc. #8 at 7) is illegible. Plaintiff's original complaint (Doc. #1) is nearly identical to the amended complaint. Accordingly, the Court will presume for the purposes of this Report and Recommendation that the allegations are the same as those appearing on the corresponding page of the original complaint, where this particular allegation appears.

Relevant to the instant motion is the extensive grievance process referenced above. Redmond filed numerous grievances relating to what he alleges is a conspiracy to cover up the initial policy violation related to the rejected JPay message, a conspiracy to cover up the subsequent retaliatory removal of funds from his account, and to further retaliate against him for pursuing the matter. (Doc. #8 at 9-10, 14, 16-17, 19, 21). Redmond filed many related grievances, but only one – Grievance ARF-13-07-223-28b ("Grievance 28b") – names any of the instant Defendants. The Court will discuss this Grievance in greater detail below.

### B. Standard of Review

Summary judgment is proper if the moving party shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A dispute is "genuine" if a reasonable jury could return a verdict in favor of the nonmoving party, and a fact is "material" if it has the potential to affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Viewing the evidence in a light most favorable to the nonmoving party, the Court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." (*Id.* at 251-52).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion, and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). Once this occurs, the nonmoving party must counter with specific facts upon which a reasonable jury could find in its favor. *Vereecke v. Huron Valley Sch. Dist.*, 609 F.3d 392, 399 (6th Cir. 2010) (citing *Anderson*, 477 U.S. at 252). A mere scintilla of proof or some metaphysical doubt as to a material fact is

insufficient to forestall summary judgment. *Sierra Club v. ICG Hazard, LLC*, 781 F.3d 281, 284 (6th Cir. 2015).

## C. ANALYSIS

In their motion, Defendants argue that dismissal is warranted because Redmond failed to properly exhaust his administrative remedies, as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Under the PLRA, a prisoner may not bring an action, "under [§ 1983] or any other Federal law," to challenge his conditions of confinement until all available administrative remedies have been exhausted. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 85 (2006). This "exhaustion" requirement serves two main purposes: it promotes efficiency by encouraging the resolution of claims at the agency level before litigation is commenced, and it protects administrative authority by allowing the agency an opportunity to correct its own mistakes before being haled into federal court. *See Woodford*, 548 U.S. at 89. The Supreme Court has held that this "exhaustion requirement requires proper exhaustion." *Id.* at 93. Proper exhaustion requires "compliance with an agency's deadlines and other critical procedural rules." *Id.* at 90. Failure to exhaust is an affirmative defense that must be raised by a defendant, and on which the defendant bears the burden of proof. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Vandiver v. Corr. Med. Servs., Inc.*, 326 F. App'x 885, 888 (6th Cir. 2009).

In determining whether a plaintiff has properly exhausted his claim, the only relevant rules "are defined not by the PLRA, but by the prison grievance process itself." *Jones*, 549 U.S. at 200. In Michigan's correctional facilities, prisoner grievances are governed by MDOC Policy Directive 03.02.130, entitled "Prisoner/Parolee Grievances" (the "Policy"). (Doc. #28-3). A state prisoner must first complete the process outlined in the Policy – including pursuing a grievance through "all three steps of the grievance process" – before he can file a lawsuit

4

challenging the alleged unlawful conduct.  (*Id.* at ¶B).  The Policy provides that if a prisoner cannot resolve his dispute with the staff member involved, he has five business days to file a Step I grievance.  (*Id*. at ¶¶P, V).  If the prisoner is dissatisfied with the Step I response, he may submit a grievance appeal to the Step II Grievance Coordinator within ten business days after receipt of the Step I response, or if no timely response is received, within ten business days of the date the response was due.  (*Id*. at ¶BB).  If the grievant is dissatisfied with, or does not receive, a Step II response, he has ten business days within which to file a final appeal at Step III.  (*Id*. at ¶FF).  Again, an inmate may only pursue a claim in court if he has complied with his obligations at each of these three steps.  (*Id.* at ¶B).

### 1. Defendant Webb

Defendants first argue that Redmond did not properly exhaust his claims against Webb because Webb is not mentioned in any of Redmond's grievances.  (Doc. #28 at 14).  In his response to Defendants' motion, Redmond "concede[s] that defendant Webb is not mentioned," and seems to concede Webb is entitled to summary judgment.  (Doc. #30 at 1-2).  Where a specific defendant is not named in a grievance, it is well established that a prisoner's administrative remedies have not been exhausted as to that defendant.  *See Pasley v. Maderi,* No. 13-13251, 2014 WL 5386914, at *4 (E.D. Mich. Sept. 15, 2014), *aff'd* (July 23, 2015) (finding that a prisoner's grievance was properly exhausted only against those prison officials actually named in the grievance, and was not exhausted as to other prison officials who the prisoner named in his complaint); *Bird v. Mansfield*, No. 2:12-CV-238, 2013 WL 4782369, at *3 (W.D. Mich. Sept. 5, 2013) (recommending that summary judgment be entered in favor of a prison official who was not named at step I of the grievance process); *Laster v. Pramstaller*, No. 5:08-CV-10898, 2011 WL 4506956, at *15 (E.D. Mich. Sept. 7, 2011), *report and recommendation*

*adopted*, No. 08-10898, 2011 WL 4505790 (E.D. Mich. Sept. 29, 2011) (prisoner's grievance not properly exhausted against a prison official who was first named at step II of the grievance process). Because none of Redmond's grievances mention Webb, Redmond did not exhaust his administrative remedies against him. Defendants' Motion for Summary Judgment should therefore be granted as to Webb.

### 2. Defendants Condon and Foreman

Defendants next argue that Redmond did not properly exhaust his claims against Condon or Foreman because the sole grievance in which Redmond mentions them was rejected for not being in compliance with the Policy. (Doc. #28 at 14). For the reasons discussed below, Condon and Foreman failed to demonstrate the absence of a material question of fact as to whether Redmond exhausted his claims against them.

The only grievance Redmond filed that mentions Condon and Foreman is Grievance 28b. (Doc. #28-2 at 65). In that Grievance, Redmond wrote, in relevant part:

> This grievance is on the following people: . . . 5 – Inspector Foreman . . . 7- RUM Condon . . . On 16 July 2013 I sent a kite, to all parties listed, requesting for the name of the staff member who is responsible for removing 100% of all funds credited to my trust account. None of the listed staff members has provided me with the requested information.

(*Id*.).[3] Redmond's Grievance was rejected at Step I because it was "vague or illegible." (Doc. #28-2 at 66). More specifically, the grievance responder wrote, "It is unclear as to who the staff member is that is most directly involved with this issue." (*Id.*). The grievance responder seems to have relied on Paragraph G of the Policy, which states that a grievance may be rejected if it is "vague, illegible, contains multiple unrelated issues, or raises issues that are duplicative of those

---

[3] The subject matter of Redmond's grievance naming Condon and Foreman appears only tangentially related to the claims asserted against them in this action. (Doc. #8 at 28-29). However, Defendants did not raise this argument in their motion, and the Court will not address it further in this Report and Recommendation.

raised in another grievance filed by the grievant." (Doc. #28-3 at ¶G). Elsewhere the Policy states:

> [I]ssues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (*i.e., who, what, when, where, why, how*). Dates, times, places, and names of *all those involved* in the issue being grieved are to be included.

(*Id*. at ¶R) (emphasis added).

Redmond does not dispute that Grievance 28b was rejected at Step I. However, he persuasively argues that "the rejection was not done in accordance with [the Policy]," and that he "followed all the grievance rules and procedural requirements" in the grievance process. (Doc. #30 at 2). Here, a reading of Grievance 28b in a light most favorable to Redmond suggests that he complied with the Policy by including the "who, what, when, where, why, [and] how" and including the "names of all those involved in the issue being grieved." (Doc. #28-3 at ¶R). Redmond named eight grieved parties, including Condon and Foreman, and indicated that on "16 July 2013 [he] sent a kite, to all parties listed," trying to determine who removed the funds from his JPay Account. (Doc. #28-2 at 65). He stated that he received no response to these kites. (*Id*.).

In rejecting Grievance 28b because "[i]t is unclear as to who the staff member is that is ***most directly involved*** with this issue," (*id*. at 66), the respondent held Redmond to a requirement that is not contained in the Policy, and also contrary to the Policy's requirement that an inmate must include the "names of ***all those involved*** *in the issue being grieved*." (Doc. #28-3 at ¶R) (emphasis added). Thus, to the extent Defendants argue that Redmond failed to properly exhaust his claims against Condon and Foreman based on submitting an initial grievance that was not limited to those persons "most directly involved" in the dispute, that argument does not entitle them to summary judgment.

7

The case law cited by Defendants does not change the analysis. They principally cite *Threet v. Phillips*, No. 14-CV-13345, 2016 WL 374121, (E.D. Mich. Feb. 1, 2016), for the proposition that "an improperly filed grievance . . . even though appealed through all steps of a grievance procedure, does not fulfill the exhaustion requirement." (Doc. #28 at 14). While this is an accurate statement of law, it is inapposite here where the foregoing shows that Redmond's Grievance did not violate the Policy and was improperly rejected.

Moreover, *Threet* is easily distinguished from the case at hand. In *Threet*, the plaintiff was an MDOC inmate who had a grievance rejected for vagueness. 2016 WL 374121 at *1. In that grievance he grieved a single prison officer for failing to protect him from other officers' alleged harassment and threats. *Id*. at *5. His grievance was rejected as vague because it did not identify the staff he claimed was harassing and threatening him. *Id*. The *Threet* court agreed that the plaintiff's grievance violated the MDOC's procedural rules because "plaintiff was required to provide the names of all those involved and he failed to do so." *Id*. (citations omitted). Here, Defendants' argument – that Redmond's grievance was "vague" because he named too many individuals – is the exact converse of the holding in *Threet*. Again, Redmond included the names of all those he perceived to be involved in the issue he was grieving. Defendants have not shown this violated the Policy.

In sum, Defendants have not shown that Redmond failed to properly exhaust his Grievance as to Condon and Foreman. Accordingly, this aspect of Defendants' summary judgement motion should be denied.

### III.   CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Defendant's Motion for Summary Judgment (**Doc. #28**) be **GRANTED IN PART** as to Webb and **DENIED IN PART** as to Condon and Foreman.

Dated: February 23, 2018          s/ David R. Grand
                                                   DAVID R. GRAND
                                                   UNITED STATES MAGISTRATE JUDGE

## REVIEW

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991)*; United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). A copy of any objection must be served upon this Magistrate Judge. E.D. Mich. LR 72.1(d)(2).

*Note these additional requirements at the direction of Judge Cleland:*

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of objections, **the non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation.

## **CERTIFICATE OF SERVICE**

  The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 23, 2018.

                s/Eddrey O. Butts
                EDDREY O. BUTTS
                Case Manager